# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | |
|---|---|
| BETENBOUGH COMPANIES, PBC, <br> & BETENBOUGH HOMES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BH COMPANIES, INC., <br> BH MANAGEMENT SERVICES, LLC, <br> BH EQUITIES, L.L.C., & <br> B.HOM STUDENT LIVING, LLC, <br><br> Defendants. | Case No. __5:24-cv-00037__ <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiffs, Betenbough Companies, PBC and Betenbough Homes, LLC (herein, "Betenbough" or "Plaintiffs") bring this declaratory judgment action against BH Companies, Inc., and its affiliates, BH Management Services, LLC, BH Equities, L.L.C., and B.Hom Student Living, LLC (collectively "BHCI" or "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action in which Betenbough seeks a declaration of no trademark infringement, dilution, or any other alleged infringing use for its own registered and common law use of its trademark under both federal law and Texas common law. Betenbough (formerly known as Cornerstone Business Holdings, Inc.) owns two federal registered trademarks relevant to this cause of action for its Betenbough Homes stylized marks. *See* Ex. A (Certificate of

Registration: 5,227,204), B (Certificate of Registration: 5,227,200), C (Texas Secretary of State Certificate of Conversion), D (Assignment of Mark Abstract: 5,227,204), & E (Assignment of Mark Abstract: 5,227,200).

2. Betenbough was founded in 1992 by Ron and Rick Betenbough, as a residential construction company in Lubbock, Texas. Today, Betenbough Companies, PBC is the parent company of multiple subsidiaries, including Betenbough Homes, LLC, and has built over 17,000 homes since 1992, in communities across Amarillo, Lubbock, Midland, and Odessa. Betenbough has grown to be recognized as the leading home builder by volume in West Texas, as well as a top 50 home builder in the nation. Betenbough has been awarded the highly coveted Guildmaster with Distinction award for the "likely to recommend" rate of 90 percent or greater. Betenbough is an employee-owned business.

3. In addition to its home building reputation, Betenbough is a Public Benefit Corporation (PBC), meaning that it is legally structured to contribute to the interests of social good in addition to maximizing shareholder value. It is committed to community involvement through giving and outreach. Betenbough offers community grants to nonprofit organizations both within the local community, as well as internationally to communities in need. Betenbough also produces leadership conferences, films, and events.

4. In furtherance of its brand recognition, Betenbough registered two stylized trademarks with the U.S. Patent and Trademark Office (USPTO) in 2017,

both of which are incontestable and have been used continuously since their first date of use in late 2012.

5. BHCI—an Iowa-based apartment management and investment company—registered a standard character mark of the two letters, "BH," in 2006. Much later in 2019, BHCI registered two stylized marks incorporating "BH" and then, registered several other character marks in 2020 or later that disclaim all words except the standard character mark, "BH." Despite BHCI's contentions, the Betenbough Marks are not confusingly similar and do not infringe on the BHCI marks.

| Plaintiff's Registered Marks | Defendant's Registered Marks |
|---|---|
|  | BH (standard character mark)  |
|  |  |

5. On November 9, 2023, BHCI sent a cease and desist letter to Betenbough through its trademark counsel, Sarah Simpson, claiming that Betenbough's marks infringe on BHCI's marks because they are likely to cause

3

consumer confusion. *See* Ex. F. On January 9, 2024, BHCI elevated its demands by urging Betenbough to cease all use and abandon certain uses of its marks. *See* Ex. G. Betenbough seeks this Court's declaration that its marks do not infringe, or violate the law, as related to BHCI's marks.

### **THE PARTIES**

6. Plaintiff, Betenbough Companies, PBC, is a public benefit corporation organized and existing under the laws of the State of Texas, having its principal place of business at 6305 82nd Street, Lubbock, Texas, 79424.

7. Plaintiff, Betenbough Homes, LLC, is a Limited Liability Company organized and existing under the laws of the State of Texas, having its principal place of business at 6305 82nd Street, Lubbock, Texas, 79424.

8. Defendant, BH Companies, Inc., is a corporation organized and existing under the laws of the State of Iowa, having its principal place of business at 400 Locust Street, Suite 790, Des Moines, Iowa, 50309, and doing business in Texas. Its registered agent is Kerry Bowe, 14800 Quorum, Suite 410, Dallas, TX, 85254, or wherever the agent may be found.

9. Defendant, BH Management Services, LLC, is a Limited Liability Company existing under the laws of the State of Iowa, having its principal place of business at 400 Locust Street, Suite 790, Des Moines, Iowa, 50309, and doing business in Texas. Its registered agent is Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, TX, 78744, or wherever the agent may be found.

10. Defendant, BH Equities, L.L.C., is a Limited Liability Company existing under the laws of the State of Iowa, having its principal place of business at 400 Locust Street, Suite 790, Des Moines, Iowa, 50309, and doing business in Texas. Its registered agent is Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, TX, 78744, or wherever the agent may be found.

11. Defendant, B.Hom Student Living, LLC, is a Limited Liability Company existing under the laws of the State of Iowa, having its principal place of business at 400 Locust Street, Suite 790, Des Moines, Iowa, 50309, and doing business in Texas. Its registered agent is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX, 78701, or wherever the agent may be found.

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

13. This Court has personal jurisdiction over Defendants and venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b). Plaintiffs' claims arise in this District, where a substantial portion of the activity about which Plaintiffs seek this Court's declaratory judgment has taken place and where the effects of the case and controversy are felt. The Northern District of Texas is where the Defendants seek to have Plaintiffs cease all use of certain marks and abandon at least one of the federally registered marks.

## FACTUAL ALLEGATIONS

14. Since its inception in 1992 until today, Betenbough has grown into a successful and well-respected home builder in the panhandle and west Texas, with an expansive presence throughout the nation with its volume of homes, marketing, giving, outreach, and reputation.

15. Among the goods and services Betenbough provides, it also prides itself in several aspects of its operations, but most particularly, its affordable, quality residential home construction (the "Betenbough Goods and Services").

16. In furtherance of its brand and reputation, Plaintiff has used its marks in commerce and currently maintains two federal trademark registrations and one common law trademark (hereinafter, the "Betenbough Marks" and attached as Exhibits A & B), identified below:

| MARK | U.S. REG. NO. & REG. DATE | GOODS OR SERVICES | FIRST USE |
|---|---|---|---|
| BETENBOUGH HOMES | 5227204  06/20/2017 | 037 construction of residential buildings; construction services, namely, planning, laying out and construction of residential and commercial communities | 12/01/2012 |
| BETENBOUGH BH HOMES | 5227200  06/20/2017 | 037 construction of residential buildings; construction services, namely planning laying out and construction of residential and commercial communities | 12/01/2012 |
| BH | Common Law Use | | 12/01/2012 |

6

17. The United States Patent and Trademark Office duly and legally issued the above Betenbough Marks, as indicated, and Betenbough has utilized the third mark in common law during the same times as the federally registered marks. *See* Ex. A & B. True and accurate copies of the Certificates of Registration for the Betenbough Marks are attached as Exhibits A & B.

18. The Betenbough Marks are valid and subsisting and have not been cancelled, revoked, or abandoned. Pursuant to 15 U.S.C. § 1065, the Betenbough Marks are incontestable and constitute conclusive evidence of Plaintiff's ownership and the validity of the registrations.

19. Since each respective first date of use, Betenbough has continuously used the Betenbough Marks, in interstate commerce in connection with the Betenbough Goods and Services, namely those identified above. Further, since the issuance of the Betenbough Marks, notice has been given to the public that the Betenbough Marks are registered trademarks by affixing notice provided in 15 U.S.C. § 1111.

20. The Betenbough Marks are used throughout the State of Texas and to some extent, the United States, and are valid, distinctive, and/or have acquired distinctiveness and secondary meaning to the public indicating Betenbough as the source of the Betenbough Goods and Services bearing any of the Betenbough Marks. The Betenbough Marks are protectable at common law.

21. BHCI, an Iowa-based company that primarily invests in and operates apartments, claims that because it has used and registered a standard character

mark of the letters "B" and "H" together, it may now wholly preclude Betenbough from using those two letters together. BHCI has sought to register the standard character mark, BH, twice—including one pending application for registration:

| MARK | U.S. REG. NO. & REG. DATE | GOODS OR SERVICES | FIRST USE |
|---|---|---|---|
| BH (standard character mark) | 3109093<br><br>06/27/2006 | 036 management of real estate; real estate acquisition services; rental of apartments; land acquisition, namely, real estate brokerage services; financial valuation of real estate<br><br>037 construction, maintenance, and renovation or property; condominium conversion services, also known as, conversion of rental property to condominium property | 12/01/1989 (prior to company's existence) |
| BH (standard character mark) | Pending | 036 management of real estate; real estate acquisition services; rental of apartments; land acquisition, namely, real estate brokerage services; financial valuation of real estate; etc.<br><br>037 construction, maintenance, and renovation of real property; real estate development services, namely, condominium conversion services in the nature of conversion of rental property to condominium property; etc. | 12/31/2001 |

22.   It is unclear why BHCI sought a second registration of the same standard character mark and why the two registrations report differing first use

dates. And, despite BHCI's conflicting claims of first use as reported in its initial registration (1989) and now its pending registration (2001), it has always reported that the company was founded in 1993 and it is unclear how BH was used at that time:

> Since Harry Bookey founded BH in a small extra room at a friend's office in 1993, it has grown to become the nation's eighth largest multifamily property management firm and 22nd largest multifamily owner-operator, managing more than 107,000 apartment units in 29 states and generating more than $1.75 billion in annual gross revenue.[1]

23. By its own accounts, BHCI specializes in multi-family properties and does not engage in residential home building whatsoever. In short, BHCI develops and manages apartments. Betenbough Homes is a home builder. Both companies operate regionally.

24. BHCI later added to its standard character marks and finally registered actual design marks in 2019, or later. BHCI claims that it owns the following standard character marks and trademarks:

---

[1] Multifamily Executive, "Harry Bookey Named to MFE Hall of Fame." Sept. 5, 2023 *available at* https://www.multifamilyexecutive.com/design-development/mfe-awards/harry-bookey-named-to-mfe-hall-of-fame_o (last visited 01/22/2024).

| MARK | U.S. REG. NO. & REG. DATE | GOODS OR SERVICES | FIRST USE |
|---|---|---|---|
| BH Management Services, LLC (disclaims management services, LLC; standard character mark) | 5803247<br><br>07/16/2019 | 036 management of real estate; real estate acquisition services; rental of apartments; land acquisition, namely, real estate brokerage services; financial valuation of real estate<br><br>037 construction project management services in the field of residential buildings | 01/01/2013 |
| BH (logo) | 5803246<br><br>07/16/2019 | 036 management of real estate; real estate acquisition services; rental of apartments; land acquisition, namely, real estate brokerage services; financial valuation of real estate<br><br>037 construction project management services in the field of residential buildings | 07/08/2009 |
| BH Companies (disclaims companies; standard character mark) | 5975575<br><br>02/04/2020 | 036 management of real estate; real estate acquisition services; rental of apartments; land acquisition, named, real estate brokerage services; financial valuation of real estate; real estate management services; etc.<br><br>037 construction, maintenances, and renovation of property; real estate development services, namely, condominium conversion services, etc. | 12/31/2001 |
| BH Construction (disclaims construction; standard character mark) | 6475147<br><br>09/07/2021 | 037 construction of residential buildings; construction services, namely planning laying out and construction of residential and commercial communities | 01/01/2013 |

| MARK | U.S. REG. NO. & REG. DATE | GOODS OR SERVICES | FIRST USE |
|---|---|---|---|
| BH Management (disclaims management; standard character mark) | 6475130<br><br>09/07/2021 | 036 management of real estate; real estate acquisition services; rental of apartment; land acquisition, namely, real estate brokerage services; financial valuation of real estate; real estate investment services, etc. | 01/01/2013 |
| BH Architecture & Design (disclaims architecture & design) | 6475149<br><br>09/07/2021 | 036 management of real estate; real estate acquisition services; rental of apartments; land acquisition, namely, real estate brokerage services; financial valuation of real estate, etc.<br><br>037 construction, maintenance, and renovation of real property; real estate development services, namely , condominium conversion services in the nature of conversion of rental property to condominium property; etc. | 01/01/2013 |
| Live BH (standard character mark) | Pending | 036 management of real estate; real estate acquisition services; rental of apartments; land acquisition, namely, real estate brokerage services; financial valuation of real estate; etc.<br><br>037 construction, maintenance, and renovation of real property; real estate development services, namely, condominium conversion services in the nature of conversion of rental property to condominium property; etc. | 05/02/2022 |

| MARK | U.S. REG. NO. & REG. DATE | GOODS OR SERVICES | FIRST USE |
|---|---|---|---|
| bh. | Published only 05/02/2023 | 025 apparel, namely, shirts, hats, pants, vets, clothing jackets, pull-overs, sweatshirts, t-shirts, tank tops; clothing jerseys; uniforms<br><br>036 management of real estate; real estate acquisition services; rental of apartments; land acquisition, namely real estate brokerage services; financial valuation of real estate; etc. | 12/31/2022 |

25. On November 9, 2023, BHCI sent a cease and desist letter through its attorney to Betenbough's counsel asserting that Betenbough's marks are "similar" to the BHCI marks and "likely to cause confusion." *See* Ex. F. Further, BHCI asserted that Betenbough Homes is offering "identical" services to BHCI. *See* Ex. F. As a result, BHCI asserted that "Betenbough's use of the Betenbough Marks constitutes infringement of the [BHCI] Marks." Ex. F.

26. After the exchange of email and phone correspondence with Betenbough's counsel, BHCI sent an additional written letter on January 9, 2024, urging Betenbough to abandon and cease all use of its federally registered trademark No. 5,227,204 and its common law mark, which features the "BH" portion of its trademarks. *See* Ex. G.

27. After initial evaluations, Betenbough has determined that abandoning and ceasing all use of the marks as BHCI has demanded would cause Betenbough to incur excessive costs in rebranding, as the marks are used on Betenbough's vehicles, offices, and other materials, throughout the Panhandle and West Texas. In addition,

Betenbough contends it owns its trademarks and the right to use them in conjunction with its business and brand recognition. Consequently, a live case and controversy exists between the Parties for which Betenbough seeks this Court's declaratory judgment.

## COUNT I – Declaratory Judgment
### (Declaratory Judgment Act, 28 U.S.C. § 2201)

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. A justiciable controversy exists between the parties concerning the use of Betenbough's federally registered and common law trademarks. Defendant, BHCI, has asserted that Betenbough's marks are likely to cause consumer confusion, mistake, or deceive consumers in comparison to BHCI's standard character mark, "BH", in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). BHCI has demanded that Betenbough abandon and cease all use of its Trademark that is federally registered as No. 5,227,204 and cease all use of Betenbough's stylized use of its design mark which incorporates, "BH," on its own. *See* Ex. F-G.

30. Betenbough seeks this Court's declaratory judgment that the use of its marks does not infringe upon and is not likely to cause confusion with or dilution of BHCI's marks. Further, Betenbough seeks this Court's declaratory judgment that the use of its marks is not misleading, and does not create a false designation of origin and/or false or misleading representation of fact. Betenbough seeks this Court's declaratory judgment that the use of its marks is not likely to influence a consumer's

purchasing decision based on a false or deceptive appearance of an affiliation, connection or association, or sponsorship with BHCI, or approval from BHCI.

31. Betenbough seeks this Court's declaratory judgment that its actions do not constitute false and misleading misrepresentations of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of Betenbough's products and/or goods and services in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

32. Betenbough seeks this Court's declaratory judgment that BHCI's marks are not inherently distinctive and have not acquired secondary meaning that would warrant the degree of protection that it claims against Betenbough. *See Louis Vuitton Malletier v. Dooney & Buorke, Inc.*, 454 F.3d 108, 116 (2nd Cir. 2006) ("Basic geometric shapes, basic letters, and single colors are not protectable as inherently distinctive."). As a result, Betenbough seeks this Court's declaratory judgment that BHCI's claimed standard character marks are weak, dissimilar to Betenbough's marks, used in a different region and proximity, result in no actual confusion with Betenbough's marks, and do not involve the same goods or services to Betenbough. Further, BHCI has failed to acquire secondary meaning aside from any and all other uses of "BH" in real estate generally and there are other companies utilizing a combination of "BH" in logos that have greater brand recognition than BHCI.[2] Any use of a combination of letters is not protectable without acquiring secondary

---

[2] *See e.g.*, Berkshire Hathaway Home Services, *available at* www.bhhs.com/homes-for-sale/TX/Lubbock (last visited on 1/22/2024).

meaning. BHCI's marks have not acquired any such secondary meaning that would warrant the cancellation, abandonment, or ceasing of use of Betenbough's marks, and Betenbough seeks this Court's declaratory judgment determining that BHCI has not acquired such secondary meaning.

## JURY DEMAND

33.     Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

Therefore, Plaintiff prays for judgment as follows:

A.      That the Court declare that Betenbough's use of its registered and common law marks does not create a likelihood of confusion with, and is not otherwise infringing on, BHCI's marks.

B.      That Plaintiff be awarded such other and further relief as the Court deems just and appropriate.

Dated: January 30, 2024                    **KELLY HART & HALLMAN, LLP**

By: */s/ Elizabeth Geary*
Elizabeth Geary
State Bar No. 24083179
elizabeth.geary@kellyhart.com
Anna Brandl
State Bar No. 24042271
anna.brandl@kellyhart.com
**Kelly Hart & Hallman LLP**
500 W. Illinois, Suite 800
Midland, Texas 79701
(432) 583-4691
*Attorneys for Plaintiff Betenbough Companies, PBC*